WALLEN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

Conversion: ASSIGNMENT OF CAUSE OF ACTION. The prohibition in section 3462, Revised Statutes 1879, against the assignment of " a thing in action not arising out of contract," forbids the assignment of a right of action for the conversion of personal property.[*]

*Appeal from St. Francois Circuit Court.*—HON. W. N. NALLE, Judge.

REVERSED.

*Wm. R. Donaldson* and *Smith & Krauthoff* for appellant.

The cause of action against defendant was not assignable. The allegation of the petition is a wrongful conversion of the ties by defendant, and the action is one of trover. This action is one that sounds in tort, and does not arise out of contract. Cooley on Torts, 441; Hill. Rem. for Torts, (2 Ed.) p. 6, § 7, p. 283, § 2; 1 Hill. on Torts, (4 Ed.) p. 487; 2 Hill. on Torts, (4 Ed.) p. 26; 1 Wait's Prac., p. 6; *Burroughes v. Bayne*, 5 Hurlst. & N. 296; *Ederlin v. Judge*, 36 Mo. 350; *Hoagland v. Railroad*, 39 Mo. 451, 457; *Ireland v. Horseman*, 65 Mo. 511; *Cobb v. Dows*, 9 Barb.

---

[*]In *Smith v. Kennett*, 18 Mo. 154, it was held that such a right of action was assignable; but that case arose under the Practice Act of 1849, which did not prohibit the assignment of things in action not arising out of contract. See Acts 1849, p. 75, ? 1.

522    SUPREME COURT OF MISSOURI.

Wallen v. The St. Louis, Iron Mountain & Southern Railway Company.

230, 245; *Eggleston v. Mundy*, 4 Mich. 295, 304; *Stevens v. Bank*, 31 Conn. 146. Where personal property is wrongfully converted, the owner has thereafter no such interest as can be the subject of a transfer, so as to authorize his assignee to maintain an action for such conversion in his own name. The owner's interest is simply a right to sue, or chose in action, and it is against the policy of the law to permit this right to be assigned. *Davis v. Herndon*, 39 Miss. 484, 504; *McGoon v. Ankeny*, 11 Ill. 558; *Dunklin v. Wilkins*, 5 Ala. 199; *Gardner v. Adams*, 12 Wend. 297; *Oliver v. Walsh*, 6 Cal. 456; *Patten v. Wilson*, 34 Pa. St. 299. Our statute puts this question beyond controversy. It provides that the section requiring actions to " be prosecuted' in the name of the real party in interest," " shall not be deemed to authorize the assignment of a thing in action not arising out of contract." R. S., § 3462.

*John F. Bush* for respondent, filed no brief.

HENRY, J.—The amended petition, on which this cause was tried below, alleged that in the months of November and December, 1870, one E. B. Wallen cut and stacked along the line of defendant's road, in Iron county, 700 double railroad cross-ties, of the value of fifty cents per tie, and the same number of single railroad ties, of the value of thirty-five cents per tie; that they were cut and delivered in pursuance of an agreement between said Wallen and one Dingle, who had a contract with defendant for furnishing ties for defendant, and Dingle was to pay said Wallen for said ties the prices above stated, on delivery, but that after said agreement, Dingle broke the agreement and left the county; that afterward defendant, during the years 1871 and 1872, took said ties and used them; that before defendant took the ties, or about that time, Wallen, for good and sufficient consideration, transferred and assigned the ties, and all his right, title and claim to said ties, and his claim against defendant for taking and using them, to C. C. Grider, (who was the original plaintiff in

this suit;) and that since the commencement of the action by him, he has transferred, sold and assigned and delivered his claim, on account of said ties, against defendant to the present plaintiff, H. Clay Wallen, who asks judgment for the value of the ties.

If the seizure and conversion of the ties by defendant occurred before the assignment by Wallen to Grider, Wallen had nothing to assign but a right of action against the company for a trespass. There were no contract relations as to this transaction between the defendant and Wallen. If the seizure of the ties by the defendant occurred after the transfer and delivery of the ties to Grider, but before he made the transfer alleged to H. Clay Wallen, then he had nothing to assign but a right of action against the defendant for trespass. While it is not certain whether the pleader intended to charge that the transfer by Wallen to Grider was anterior or subsequent to the seizure and conversion of the ties by defendant, it is clearly alleged that such seizure and conversion occurred prior to the transfer and assignment made by Grider to H. Clay Wallen, and section 3462, Revised Statutes, forbids " the assignment of a thing in action not arising out of contract." While the original owner might have waived the tort, and brought an action *ex contractu* for the value of the ties, it does not follow that he could have assigned his right of action against the trespasser to a third person. While he might be allowed to waive the trespass, still, the thing in action did not arise out of a contract. No cause of action, therefore, was stated in the petition, and the judgment is reversed. All concur.